Schindli S.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/6/15

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AISSA KHIRANI, individually and on
behalf of all those similarly situated,

        Plaintiff,

    v.

DRAFTKINGS, INC., a Delaware
corporation,

        Defendant.

Case No. 1:15-cv-08193-SAS

---

**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND RESPONSIVE**

**PLEADING DEADLINES PENDING ACTION BY**

**THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant DraftKings, Inc. ("DraftKings") and Plaintiff Aissa Khirani (collectively, the "Parties"), by and through their respective counsel, jointly move this honorable Court for an order extending DraftKings' deadlines to respond to the complaint until after the Judicial Panel on Multidistrict Litigation ("JPML") has ruled on the pending petitions to consolidate this and more than two dozen other putative class actions into MDL proceedings ("MDL Petitions"). In support of this request, the Parties state as follows:

1.      WHEREAS, on October 16, 2015, Plaintiff filed the Complaint in this action against DraftKings;

2.      WHEREAS Plaintiff seeks, *inter alia*, to recover money that he allegedly lost entering daily fantasy sports contests on DraftKings' website, pursuant to New York General Obligations Law Section 5-421;

3.      WHEREAS, on October 18, 2015, Plaintiff filed two petitions before the JPML to have this case, and several other daily fantasy sports cases, consolidated under the Multidistrict Litigation ("MDL") procedure (*In re: DraftKings, Inc., Fantasy Sports Litigation*, MDL No. 2678; *In re: FanDuel, Inc., Fantasy Sports Litigation*, MDL No. 2679);[1]

4.      WHEREAS the MDL Panel will decide whether to transfer the actions and, if it does so, will identify a district it finds is the most appropriate for coordinated or consolidated pre-trial proceedings;

5.      WHEREAS, to conserve the resources of the Court and the Parties, the Parties agree that it is appropriate to extend the time to respond to the pleadings until the MDL Panel rules on the pending motions for transfer, especially because, if the cases are consolidated, any

---

[1]   Shortly before Plaintiff filed his two petitions before the JPML, another plaintiff in the putative class action lawsuits had filed a petition before the JPML seeking similar relief (*In re: Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL No. 2677 (filed Oct. 15, 2015)).

responses to the complaint and motions to compel arbitration filed would likely have to be revisited given the typical practice of using consolidated master complaints in MDLs;

6.      WHEREAS there is good cause to extend the above-referenced deadline because, otherwise, the Parties could be required to address the same issues in multiple fora and the Court may expend unnecessary resources on a case that may be transferred to another court;

7.      WHEREAS the Parties do not anticipate that the requested extension of time would be overly lengthy given that the JPML has set a briefing schedule and is likely to hear the petitions during its January 28, 2016 session; and

8.      WHEREAS district courts routinely extend responsive pleading and related deadlines pending a decision by the JPML in order to avoid the necessity of pretrial litigation that they may never have to oversee if the transfer motions are granted, *see, e.g.*, *Allgeier v. DraftKings, Inc. and FanDuel Inc.*, No. 15-798 (W.D. Ky. Oct. 30, 2015) ECF No. 5 (extending deadlines in litigation against DraftKings and FanDuel because of the MDL petitions described above); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (endorsing the district court's order extending deadlines pending the JPML's decision because it ensured common issues could "be heard and resolved by a single court and reviewed at the appellate level in due course"); *Med. Soc'y v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91–92 (S.D.N.Y. 2001) (extending deadlines pending JPML action "minimize[s] the duplication of judicial resources and promote[s] in those decisions uniformity and consistency"); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369 (S.D.N.Y. 2013) (same);

**THEREFORE**, the Parties pray for an order of this Court as follows:

1.      DraftKings is not required to answer or otherwise respond to Plaintiff's complaint, or any subsequent amended complaints, in this action until either (a) a date set by the

transferee court if the matter is transferred under 28 U.S.C. § 1407 or (b) 30 days after the MDL

Panel issues an order denying multi-district coordination (the "Response Date").   The parties

retain and do not waive any rights, claims, and defenses that they currently have.


DATED: November 5, 2015

By:_____

GIBSON, DUNN & CRUTCHER, LLP
Randy M. Mastro
        email: rmastro@gibsondunn.com
James P. Fogelman
        email: jfogelman@gibsondunn.com
200 Park Avenue, 48th Floor
New York, NY 10166
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Defendant DraftKings, Inc.*

By:  _____

NAPOLI SHKOLNIK PLLC
Hunter Shkolnik
1301 Avenue of the Americas, 10th Floor
New York, New York 10019
Telephone: 212-397-1000
E-mail: hunter@napolilaw.com

*Attorneys for Plaintiff*


SO ORDERED.

_____
The Honorable Shira A. Scheindlin
United States District Judge

DATED:  11/6/ 2015

3